IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHRISTOPHER MCCALLA,** | * | |
| Petitioner | * | |
| v. | * | Civil Case No.: RWT 09-3029 |
| | * | Criminal Case No.: RWT 06-0404 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Christopher McCalla's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (the "Petition"). In it, Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel. Because Petitioner has failed to show that counsel's representation was objectively unreasonable and resulted in actual prejudice, the Court will, by separate order, deny the Petition.

## BACKGROUND

On or about May 21, 2008, a federal grand jury sitting in the District of Maryland returned a multi-count, Third Superseding Indictment against McCalla and five co-defendants. ECF No. 90. On June 26, 2008, McCalla entered a plea of guilty to counts eleven, sixteen, and seventeen of the Third Superseding Indictment, which charged him with (i) conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); (ii) use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2); and (iii) aggravated identity theft, in violation of 18 U.S.C. § 1028A.[1] ECF No. 116. In the Plea Agreement, McCalla and the Government recognized that counts eleven and sixteen involve the substantially same harm and

---
[1] McCalla pled not guilty to counts twelve and thirteen of the Third Superseding Indictment.

group pursuant to U.S.S.G § 3D1.2(d); carry a base offense level of six, pursuant to § 2B1.1(a)(2); incur an additional sixteen-level increase because the loss amount is more than $1,000,000,[2] pursuant to § 2B1.1(b)(1)(I); and receive a four-level increase because the offense involved fifty or more victims, pursuant to § 2B1.1(b)(2)(B). Furthermore, the parties acknowledged that count seventeen carries a two-year mandatory consecutive term of imprisonment, pursuant to § 2B1.6(a).

In advance of the sentencing hearing, defense counsel submitted a Memorandum in Aid of Sentencing, which did not contest the offense level computations contained in the Plea Agreement and Presentence Report. ECF No. 222. Nevertheless, on February 11, 2009, the Court sent a letter to the parties advising them to be prepared to address at the sentencing hearing whether a four-level enhancement for fifty or more victims would be appropriate under § 2B1.1(b)(2)(B). ECF No. 229. The Court also provided notice that it was contemplating an upward departure under § 2B1.1, Application Note 19(A), as well as a variance sentence, and that the parties should be prepared to address both of these possibilities. *Id.* In response, defense counsel submitted a Supplemental Memorandum in Aid of Sentencing noting that the four-level increase for fifty or more victims was already included in the Plea Agreement, that "[i]t is believed by the defendant that the number of victims is much closer to 50 (including individuals and financial institutions), rather than closer to 250 victims," and that "counsel submits that the four level enhancement already in place is adequate to address any concerns the Court may have as stated in its February 22, 2009, letter." ECF No. 291. Defense counsel also argued in the supplemental memorandum that an upward departure under Application Note 19(A) of § 2B1.1, would be inappropriate under the circumstances. *Id.*

---

[2] By agreement of the parties, the Court at the sentencing hearing instead applied a fourteen-level increase pursuant to § 2B1.1(b)(1)(H) because the loss amount was greater than $400,000 but less than $1,000,000. Sentencing Hr'g Tr. 6:12-15, June 15, 2009, ECF No. 349.

2

At the June 15, 2009 sentencing hearing, the Court applied the four-level enhancement for fifty or more victims pursuant to § 2B1.1(b)(2)(B), as contemplated by the Plea Agreement and Presentence Report. The Court further stated:

> But I will also state that alternatively, to the extent, if at all, that that is not an appropriate offense level enhancement, that I would do an alternative upward departure under the provisions of application note 19 to Section 2(b)1.1 which provides and authorizes an upward departure in the case of an offense that involved a substantial invasion of the privacy interest through, for example, the theft of personal information such as medical, educational or financial records.
>
> In this case, I have both, because of victim impact statements and from testimony in the Blaise Jordan trial, seen the very significant invasion of privacy and the psychological harm and severe emotional trauma caused by the offense of the defendants in these cases. So I would propose, as an alternative upward departure, an equivalent number of levels as is provide for in Paragraph 19 [of the Presentence Report], and which is what the parties have reached in their agreement.

Sentencing Hr'g Tr. 7:9-8:1, June 15, 2009, ECF No. 349. Neither the Government nor defense counsel raised any objection. Consistent with the rulings at the hearing, the Court entered a Judgment sentencing McCalla to thirty months incarceration followed by three years of supervised release. ECF No. 295.

**<u>PROCEDURAL HISTORY</u>**

On November 13, 2009, McCalla filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[3] ECF No. 319. Petitioner claims that his counsel was ineffective for failing to object to the four-level enhancement for fifty or more victims under § 2B1.1(b)(2)(B).

---

[3] Petitioner also filed a Motion to Appoint Counsel. ECF No. 320. Because Petitioner is able to adequately articulate his claims, the claims do not appear unduly complex, and an evidentiary hearing is not required, the Court does not find that the interests of justice require the appointment of counsel and will therefore deny his motion. 18 U.S.C. § 3006A(a)(2)(B) (2010); Rule 8(c) of the Rules Governing § 2255 Proceedings. Furthermore, Petitioner's Motion to Proceed in Forma Pauperis, ECF No. 321, will be denied as unnecessary because there is no filing fee in § 2255 proceedings.

**ANALYSIS**

In evaluating claims of ineffective assistance of counsel, the Court applies the two prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's representation fell "below an objective standard of reasonableness." *Id.* at 688. In reviewing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, Petitioner must establish that but for counsel's purported errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Royal v. Taylor*, 188 F.3d 239, 248 (4th Cir. 1999).

Petitioner contends that the four-level enhancement for fifty or more victims was inappropriate, and that his counsel was ineffective for failing to object to its application, because individual credit card account holders are not "victims" as that term is used in § 2B1.1. Petitioner argues that these account holders suffered no loss because they were reimbursed by their banks. Petitioner further alleges – despite his admission to the contrary in the Plea Agreement – that there were only two victims of the fraud: the financial institutions identified as "Victim No. 1" and "Victim No. 2" in the section of the Judgment ordering restitution.

Petitioner cannot satisfy the first prong of *Strickland* because defense counsel's representation was not objectively unreasonable in light of the unsettled nature of the law in the Fourth Circuit. In the 2008 edition of the Federal Sentencing Guidelines Manual, the Guidelines Application Notes to § 2B1.1 define a "victim" as, in relevant part, "any person who sustained

any part of the actual loss determined under subsection (b)(1) . . . ." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.1 (2008). The Application Notes further define "actual loss" as "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(A)(i) (2008). "Pecuniary harm" is defined as "harm that is monetary or that otherwise is readily measurable in money," not including "emotional distress, harm to reputation, or other non-economic harm." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(A)(iii) (2008).

At the time Petitioner entered into the Plea Agreement and was sentenced, neither the Supreme Court nor the Fourth Circuit had addressed whether individuals who temporarily sustain monetary harm are victims under § 2B1.1(b)(2). However, the Eleventh Circuit had held that the loss need not be permanent, *see United States v. Lee*, 427 F.3d 881, 894-95 (11th Cir. 2005), the Fifth and Sixth Circuits had found that only the person who ultimately bears the pecuniary loss is a victim for purposes of the offense level enhancement, *see United States v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008); *United States v. Yagar*, 404 F.3d 967, 971 (6th Cir. 2005), and the Second and Ninth Circuits had concluded that an individual who has suffered a temporary loss as well as additional harm measurable in monetary terms is a victim under the Sentencing Guidelines, *see United States v. Abiodun*, 536 F.3d 162, 168 (2d Cir. 2008); *United States v. Pham*, 545 F.3d 712, 721 (9th Cir. 2008). In light of this three-way circuit split and the fact that the issue had not been decided by the Fourth Circuit, defense counsel was not ineffective for failing to object to the four-level enhancement either during plea negotiations or during sentencing. *See United States v. Jiminez*, 54 F. App'x 369, 371 (3d Cir. 2002) ("[I]neffective assistance cannot be established by failure to argue a point supported only by authority outside this jurisdiction."); *cf. McMann v. Richardson*, 397 U.S. 759, 770 (1970) ("That

a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.").

Moreover, even assuming, *arguendo*, that Petitioner had demonstrated that defense counsel's representation fell "below an objective standard of reasonableness," *Strickland*, 466 U.S. 688, McCalla has nonetheless failed to satisfy the requisite second prong of *Strickland*. With regard to the plea, Petitioner has not established that but for his counsel's failure to advise him that § 2B1.1(b)(2)(B) might not apply, there is a reasonable probability that he would have insisted on going to trial. *Hill* 474 U.S. at 59; *Royal*, 188 F.3d at 248. Even if defense counsel had advised Petitioner of the issue and the Plea Agreement had not contained a four-level enhancement under § 2B1.1(b)(2)(B) – Petitioner's only gripe – he still would have received the same sentence because the Court made, in the alternative, a four-level upward departure pursuant to Application Note 19 of § 2B1.1. Sentencing Hr'g Tr. 7:9-8:1.

Similarly, the result of the proceeding would have been no different had defense counsel raised an objection during sentencing. The Court explained that, alternatively, an upward departure was warranted under to Application Note 19 because, based on the victim impact statements and testimony at the Blaise Jordan trial, the offense clearly resulted in a substantial invasion of a privacy interest and caused significant psychological harm. Petitioner's final offense level would therefore have been the same whether the Court had relied on § 2B1.1(b)(2)(B) or Application Note 19 of § 2B1.1.

Accordingly, Petitioner's claim of ineffective assistance of counsel is meritless.

## **CONCLUSION**

For the foregoing reasons, the Court will, by separate order, deny Petitioner's § 2255 Petition (ECF No. 319).

August 26, 2010                     /s/
Date                          Roger W. Titus
                              United States District Judge